IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Eric E. Bernard (#R-25398), | ) | |
| | ) | |
| Plaintiff | ) | Case No: 15 C 50277 |
| | ) | |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Roger Scott., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

      Plaintiff's motion for leave to proceed in forma pauperis [#3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.37 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. However summonses shall not issue at this time. Plaintiff's motion for attorney representation [#4] is granted. The Court recruits Brian J. Hickey of Cassiday Schade LLP, 2056 Westings Avenue, Suite 250, Naperville, IL 60563, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, counsel should notify the Court by April 28, 2016, if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If consistent with his obligations under Rule 11 counsel is unable to file an amended complaint, he should so inform the Court.

**STATEMENT**

      Plaintiff, presently in custody at Pontiac Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was being held at the DeKalb County Jail, Defendants subjected him to constitutional violations, including a failure to provide him with adequate care for his mental illness (either in the form of evaluation or treatment). Plaintiff alleges he was denied appropriate medications from November 14, 2012 until March 21, 2014. Additionally, Plaintiff alleges he was kept in solitary confinement for the same time period, leading to further psychological damage. Plaintiff also makes a claim about inadequate care for problem with his vision and a variety of due process violations, including being prevented from seeing his family. Plaintiff names as Defendants multiple employees of the DeKalb County Jail.

      Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $3.37 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty

percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*per curiam*).

Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable federal claim for deliberate indifference to a serious mental health condition. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). It also appears that there may be misjoined claims in Plaintiff's complaint. *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Under the holding in *George,* Plaintiff may not make unrelated claims against different Defendants. It appears Plaintiff may be attempting to pursue medical deliberate indifference and due process claims unrelated to his claim about Defendants' alleged inadequate mental health care.

Because Plaintiff's claim involves allegations of a serious mental health condition and the potential for issues involved in the discovery process (especially in light of the fact that Plaintiff is presently in state custody at Pontiac Correctional Center and is suing DeKalb County Jail employees), the Court grants Plaintiff's motions for attorney representation. *See Miller v. Campanella,* 794 F.3d 878, 880 (7th Cir. 2015). The Court hereby requests that Brian J. Hickey of Cassiday Schade LLP, 2056 Westings Avenue, Suite 250, Naperville, IL 60563, provide

Plaintiff with assistance of counsel and represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, counsel should notify the Court by April 28, 2016, if he wishes to proceed with the complaint on file or he intends to file an amended complaint. If counsel is unable to file an amended complaint, he should so inform the Court.


Date: March 28, 2016